UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDGAR MEDINA, et al.           :
                               :
v.                             :  C.A. No. 23-00198-WES
                               :
RICHARD ATWOOD, et al.         :

**REPORT AND RECOMMENDATION**
**FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On May 12, 2023, Plaintiff filed a pro se Complaint and an Application to Proceed Without Prepayment of Fees including the $402.00 per case filing fee. (ECF Nos. 1, 2). Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. Plaintiff is currently detained at the Wyatt Detention Facility and submitted a copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (ECF No. 3). If Plaintiff demonstrates an entitlement to in forma pauperis ("IFP") status, the Court will calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Accordingly, I am required to review the Complaint sua sponte and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff Edgar Medina is currently a criminal defendant in this Court in <u>United States v. Edgar Medina, et al,</u> 1:21-cr-00062-JJM/PAS.  He is charged with felony drug trafficking and kidnapping in that case.  He was previously convicted of felony drug trafficking offense in this Court in <u>United States v. Medina,</u> 1:04-cr-00043-MML, and served a lengthy prison sentence.  His allegations in this civil case arise out of his June 8, 2021 arrest and related searches executed pursuant to search and arrest warrants issued by a Magistrate Judge.   Plaintiff alleges the absence of probable cause and violations of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.   As Relief, Plaintiff seeks compensatory damages in the amount of $950,000.00 and $2,100,000.00 in punitive damages.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.   28 U.S.C. § 1915(e)(2)(B).   The standard for dismissal of an action filed <u>in forma pauperis</u> is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).   <u>See</u> <u>Fridman v. City of N.Y.</u>, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).   In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."   <u>Roma Constr. Co. v. aRusso</u>, 96 F.3d 566, 569 (1st Cir. 1996).   Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."   28 U.S.C. § 1915(e)(2)(B)(i).   A claim "is frivolous where it lacks an arguable basis either in law or in fact."   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous. Accordingly, I recommend Plaintiff's Complaint be DISMISSED for the following reasons.

First, Plaintiff purports to bring this pro se action for himself and also on behalf of his two sons Elijah and Emery. (ECF No. 1 at p. 1). Neither son has signed the Complaint and it is unclear if they are minors or if they have any interest in being part of this litigation. In any event, the law is clear that a pro se litigant may only represent himself and not others including children. LR Gen 205(a). Further, if the sons are minors, Plaintiff has not shown that he has the representative capacity at this point to bring suit on their behalf. See Rule 17(c), Fed. R. Civ. P. Accordingly, the sons are not proper parties to this pro se action and I recommend that any claims purportedly brought on their behalf be DISMISSED without prejudice.

Second, it is indisputable that Plaintiff's arrest and the related searches were carried out pursuant to Court-issued warrants, and Plaintiff's attempt to sue all of the law enforcement agents involved in some way in the investigation and execution of those warrants is unsupported. In addition to naming the primary investigator and warrant affiant Postal Inspector Richard Atwood as a Defendant, Plaintiff sues thirteen other agents but fails to state any legally viable claims

against any of them. His Complaint is primarily focused on Defendant Atwood and makes certain allegations jointly against "Postal Inspector Richard Atwood and Company ('Company' in reference to other defendants included herein)." (See, e.g., ECF No. 1 at pp. 23-24). This type of conclusory group pleading is not sufficient to state a claim against these so-called "Company" Defendants. In addition, to the extent Defendant names individual agents in his Complaint, he fails to state any legally viable constitutional claims against any of them. His claims are conclusory and improperly premised on his argument that the warrants were "invalid", "baseless", and not supported by probable cause. His attack on the validity of the warrant does not factually or legally support his wide-ranging claims against all agents (both individually and in their official capacities) allegedly involved in the investigation and execution of the warrants.

Finally, as to Defendant Atwood, Plaintiff alleges that he "knowingly obtained a search warrant that was not based on probable cause despite the Magistrate Judge approving it." (ECF No. 1 at p. 5). In order to state such a claim for a constitutional violation, Plaintiff must plausibly allege facts showing (1) that Defendant Atwood knowingly and deliberately, or with reckless disregard for the truth, made statements or omissions that created a falsehood in applying for the warrants; and (2) that such statement or omissions were material or necessary to the finding of probable cause. Menebhi v. Mattos, 183 F. Supp. 2d 490, 502 (D.R.I. 2002)(citing Wilson v. Russo, 212 F.3d 781, 786-87 (3rd Cir. 2000)). Here, Plaintiff claims in conclusory fashion that "Defendant Atwood and Company knowingly, intentionally, maliciously, and egregiously, while acting deliberately, did with deliberate and reckless indifference prepare and present baseless reports and affidavits and knew, or should have known as reasonable police officers, that probable cause did not exists [sic] at the time that these officers sought these search warrants and could not have harbored an objectively reasonable belief in the existence of probable cause, a belief that lead

[sic] to the deprivation and violation of [Plaintiff's] federally protected rights." Id. at p. 24. He further claims that his arrest (pursuant to a Court authorized warrant) was "based on intuition, subjective believe [sic], suspicion and 'ambiguous behavior'" and "not probable cause." Id. at p. 25.

Plaintiff's claims as to Defendant Atwood are plainly frivolous on their face and unsupported by plausible factual allegations as required. See Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 559 (2007)). To properly state a claim, a plaintiff's allegations must be sufficiently precise to raise a right to relief beyond mere speculation. Id. Plaintiff has not done that. His Complaint (never mind the Affidavit on file in his pending criminal case) belies his allegations and paints a picture of probable cause for the conspiracy and drug trafficking charges that resulted in his arrest. He concedes that Defendant Atwood had intercepted three parcels in the mail stream found to contain cocaine which were subsequently delivered under surveillance. (ECF No. 1 at p. 23). He concedes that one of those parcels was delivered to his Johnston residence. Id. at p. 25. He concedes that he left his residence in Johnston shortly thereafter and drove to another residence in Providence where another one of the three parcels containing cocaine was delivered, and he concedes that he parked across the street from that residence and his passenger exited his vehicle and took possession of the parcel. Id. Plaintiff's Complaint focuses on what he believes the investigation should or could have revealed and did not, and of course does not focus on what the investigation did reveal. In short, his Complaint is devoid of any factual allegations that might support a claim that there were material falsehoods or material omissions in the warrant affidavits sufficient to support a constitutional claim. His allegations are conclusory and unsupported and fail to state any viable

legal claims.  I conclude that his Complaint is frivolous and recommend that it be DISMISSED as to all Defendants.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is DENIED without Prejudice.  Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 26, 2023